UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIO CESAR RODRIGUEZ,

                    Plaintiff,

v.                                    Case No. 3:05-cv-1055-J-20MMH

JAMES V. CROSBY, etc.;
et al.,

                    Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Julio Cesar Rodriguez, an inmate incarcerated at Columbia Correctional Institution in Lake City, Florida, who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) in the United States District Court for the Northern District of Florida. The case was transferred to this Court on October 11, 2005. Plaintiff names the following Defendants in the action: (1) James V. Crosby, the Secretary of the Florida Department of Corrections; (2) Patrick H. Brown, the Assistant Secretary of the Office of Health Services for the Florida Department of Corrections; and, (3) Nurse Carcamo, a nurse at Columbia Correctional Institution. Plaintiff Rodriguez claims that Defendants Crosby and Brown failed to administer an

adequate medical remedy due to the unconstitutional policies, procedures and directives of the Florida Department of Corrections. Specifically, Plaintiff contends that they promulgated a policy which authorizes the individual institutional chief health officers to make the final decision on the appropriate medical care to be afforded inmates at the particular institution. Secondly, Plaintiff claims that Nurse Carcamo denied Plaintiff proper emergency medical care on January 31, 2005, at Columbia Correctional Institution, when he knew that Plaintiff suffers from a heart condition.

Plaintiff has also filed a Motion for Preliminary Injunction (Doc. #2), in which he requests that this Court either order a heart transplant for Plaintiff or that this Court release him so that he may continue specialized medical care and treatment with his prior attending physicians in preparation for a heart transplant. Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Therefore, his Motion for Preliminary Injunction (Doc. #2) will be denied. However, the Court will direct the Clerk to send a copy of this Order to the Warden of Columbia Correctional Institution so that he may take whatever action he deems appropriate in light of Plaintiff's allegations that he continues to severely suffer from

his heart condition and is in need of either a conditional medical release or a heart transplant.[1]

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e). Thus, a district court must dismiss the suit when it finds that the plaintiff inmate has not exhausted his administrative remedies. Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) (citation omitted).

Further, federal courts have indicated that the penal facility, during the administrative exhaustion process, "may give a statement of its reasons that is helpful to the district court in

---

[1] Based on the exhibits submitted by Plaintiff, it appears that Plaintiff is routinely seen by the prison health officials for his medical needs and that the Chief Health Officer at Columbia Correctional Institution is aware of his cardiac needs and Plaintiff's desire for either a conditional medical release or a heart transplant. Further, the exhibits reflect that there are specific procedures that must be followed to be considered for either a conditional medical release or a heart transplant. Plaintiff is encouraged to inquire as to the specific procedures that must be followed for consideration of either remedy.

considering the merits of the claim." <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325 (11th Cir. 1998) (citations omitted); <u>Chandler</u>, 379 F.3d at 1287 (pointing out that the purpose of administrative exhaustion is to place the facility on notice of the disputed issue and to allow the administrators an opportunity to investigate the issue, to resolve the dispute internally and thus "limit judicial intervention in the management of prisons") (citations omitted).

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are so important for effectively determining how the penal facility or the Florida Department of Corrections has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form.

From a review of the grievances that Plaintiff appended to his Complaint, it is clear that Plaintiff filed this Complaint prior to completing the exhaustion process with respect to the issues raised in the Complaint against each named Defendant. Specifically, Plaintiff has not exhausted his claims against Defendants Crosby and Brown. Plaintiff may wish to review his claims and pursue the claims against Defendant Carcamo separately from his claims against Defendants Crosby and Brown. If Plaintiff chooses to do so, he must initiate a new case by completing and filing the enclosed

civil rights complaint form and submitting the relevant exhibits showing exhaustion.

Further, Plaintiff has failed to pay the $250.00 filing fee or file a motion to proceed *in forma pauperis* in this case.  <u>See</u> Local Rule 1.03(e), Rules of the United States District Court for the Middle District of Florida.

This case will be dismissed without prejudice to allow Plaintiff the opportunity to exhaust his claims pursuant to the administrative grievance procedures.  Plaintiff should note that he is required to fully exhaust his administrative remedies **before** initiating a civil rights case in this Court.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    Plaintiff's Motion for Preliminary Injunction (Doc. #2) is **DENIED.**

2.    Plaintiff's Motion to Expedite Ruling on Pending Motion for Preliminary Injunction (Doc. #5) is **MOOT.**

3.    The Clerk of the Court shall send a copy of this Order to the Warden of Columbia Correctional Institution for appropriate action.

4.    This case is hereby dismissed **without prejudice.**

5.    The Clerk of the Court shall provide Plaintiff with a civil rights complaint form and an Affidavit of Indigency form.[2]

6.    The Clerk of the Court shall enter judgment dismissing this action without prejudice.

7.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _14t_ day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 10/13
c:
Julio Cesar Rodriguez
Warden of Columbia CI (Steven F. Singer)

---

[2] If Plaintiff chooses to file a civil rights complaint in this Court after exhaustion, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process. He must attach to the form any grievances he filed regarding his claims, and the responses thereto. Additionally, he must *either* pay the $250.00 filing fee *or* file an Affidavit of Indigency. In compliance with Section VII. of the Affidavit of Indigency form, Plaintiff must submit a copy of his prison account statement containing all transactions in his prisoner account for the six (6) months prior to the filing of the Complaint. See Affidavit of Indigency, Section VII. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to initiate a new case.

- 6 -